UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, CDCR #V-22349,<br><br>                         Plaintiff,<br>vs.<br>GOMEZ, et al.,<br><br>                         Defendants. | Case No. 21cv0923-LAB (BGS)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER** |

On May 6, 2021, Plaintiff Tony Blackman, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California. (Dkt. 1). On May 14, 2021, the case was transferred to this District pursuant to 28 U.S.C. § 1406(a) following a determination that venue was improper for Blackman's claims in the Eastern District. (Dkt. 6). The Complaint was accompanied by a Motion to proceed in forma pauperis ("IFP"). (Dkt. 2).

On July 6, 2021, the Court denied Blacman's IFP motion as barred by 28 U.S.C. § 1915(g), after finding he had at least six prior prisoner civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. (Dkt. 9). This action was dismissed without prejudice for Blackman's failure to pay the civil and administrative filing fee, and

1  was granted leave until August 20, 2021, to pay the required fee. (*Id.* at 6). The
2  Court instructed him that if he failed to either pay the filing fee on or before that
3  date or seek an extension of time to do so, it would result in the entry of a final
4  judgment of dismissal of this action. (*Id.*).

5  Over three months have elapsed since the August 20, 2021 deadline and
6  Blackmun has not paid the filing fee or otherwise contacted the Court. This Court
7  has discretion to *sua sponte* dismiss a case for lack of prosecution or failure to
8  comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.
9  1986); *see also* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal for failure
10 to prosecute or comply with the federal rules or court order).

11 "In determining whether to dismiss a claim for failure to prosecute or failure
12 to comply with a court order, the Court must weigh the following factors: (1) the
13 public's interest in expeditious resolution of litigation; (2) the Court's need to
14 manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the
15 availability of less drastic alternatives; and (5) the public policy favoring disposition
16 of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)
17 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). Because the
18 Court has informed Blackman of his need to pay the filing fee or request an
19 extension of time to do so and has not done so or contacted the Court, factors one,
20 two, and four weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191
21 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of
22 litigation always favors dismissal."); *Pagtalunan*, 291 F.3d at 642 ("The trial judge
23 is in the best position to determine whether the delay in a particular case interferes
24 with docket management and the public interest."); *Nevijel v. North Coast Life
25 Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (a court is not required to exhaust
26 all alternatives prior to dismissal). Factor five does not weigh against dismissal.
27 *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th
28 Cir. 2006) (the public policy favoring disposition on the merits does not weigh

against dismissal where plaintiff's "conduct impedes progress in that direction"). Factor three likewise does not weigh in favor of dismissal. *See Pagtalunan*, 291 F.3d at 642 (where defendants have not appeared, "[w]e have previously recognized that pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal").

Weighing these factors, the Court finds that a final judgment of dismissal is appropriate. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.") (internal citation omitted) (quoting *Ferdik*, 963 F.2d at 1263).

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to prosecute by paying the civil filing fee as required by the Court's July 6, 2021 Order. The Court **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and terminate this case.

**IT IS SO ORDERED**.

Dated: December 3, 2021

Honorable Larry Alan Burns
United States District Judge